## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| MARK POTTEBAUM, | ) | |
| LYNDA POTTEBAUM, | ) | Bankruptcy No. 11-00634 |
| | ) | |
| Debtors. | ) | |

------------------------------------------------------

| | | |
|---|---|---|
| IBEW LOCAL 231, IBEW LOCAL 231 | ) | |
| VACATION PLAN, IBEW 231 LABOR | ) | |
| MANAGEMENT COMMITTEE, | ) | Adversary No. 11-09050 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK POTTEBAUM, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER RE: PLAINTIFFS' MOTION FOR
### SUMMARY JUDGMENT

This matter came before the undersigned on August 6, 2012 for telephonic hearing.   Attorney Michael Amash appeared for Plaintiffs.   Attorney Don Molstead appeared for Debtor/Defendant Mark Pottebaum.   After hearing arguments of counsel, the Court took the matter under advisement.   This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Plaintiffs' complaint asserts debts owed by Debtor are excepted from discharge under 11 U.S.C. § 523(a)(4) or (a)(6).   They argue they are entitled to

summary judgment based on depositions, affidavits and documentary evidence. Debtor asserts serious factual questions exist regarding whether Debtor's conduct rises to that required for these exceptions from discharge.   The Court agrees with Debtor and denies the Motion for Summary Judgment.

## BACKGROUND

Debtor was the sole shareholder and owner of a business, High Tech Electric, LLC, which hired union electricians through IBEW Local 231.   High Tech withheld funds from the workers' wages to be remitted to IBEW Local 231 and related entities ("Plaintiffs") under a collective bargaining agreement ("CBA"). Debtor signed a Letter of Assent in 2001 as President of High Tech agreeing to comply with the CBA.   In 2009 and 2010, High Tech withheld deductions from the workers' earnings but failed to remit them to Plaintiffs.   The deductions were for union dues, vacation funds, and contributions for the Local Labor Management Cooperation Committee ("LLMCC").

Plaintiffs seek a judgment for actual damages of $61,860.83 for union dues owed to the Local 231, $59,284.33 for Vacation Plan funds, and $2,993.39 for the LLMCC contributions.   These are the amounts which Plaintiffs allege High Tech withheld from workers' wages but failed to remit to the proper parties.   Plaintiffs also seek identical amounts in punitive damages, plus attorney fees and costs of $13,030.   In addition, Plaintiffs argue that these debts should be excepted from Debtor's discharge under § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity and embezzlement, and under § 523(a)(6) for willful and malicious injury.

Debtor argues that Plaintiffs waived their right to immediate payments and allowed High Tech to commingle the withholdings with general funds of the corporation.    The union continued to allow employees to work on the job after 2009 knowing High Tech was unable to remit the amounts due.    Debtor asserts Plaintiffs' representative, James Kavenaugh, spoke with Debtor weekly and knew about High Tech's financial difficulties.    Debtor's affidavit (Doc. 15) states Kavenaugh knew High Tech was no longer able to pay the amounts due to Plaintiffs but continued to keep union workers employed with High Tech.    Debtor believes this amounts to consent by Plaintiffs to non-payment of the fees and benefits required under the contract.    Debtor's brief asserts questions of fact exist regarding whether Plaintiffs consented to Debtor's non-payment or waived its claim to an ownership interest in the funds.    Debtor also asserts a factual determination of the totality of the circumstances is required to award punitive damages.

Plaintiffs' reply brief asserts this case hinges on questions of law.    They argue Debtor has failed to support his assertion that issues of fact exist with citations to the record.    Plaintiffs also assert Debtor may not use alleged oral representations to modify the collective bargaining agreement in violation of the parole evidence rule.    They deny that Mr. Kavanaugh had authority to bind all three Plaintiffs.

## CONCLUSIONS OF LAW

The statutory exceptions to discharge in bankruptcy must be strictly construed against the creditor in furtherance of the policy of providing the debtor with a fresh start in bankruptcy.    Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir.1993).    The Court construes these exceptions narrowly, imposing the burden of proof by a preponderance of the evidence on the creditor opposing discharge.    In re

3

Thompson, 686 F.3d 940, 944 (8th Cir. 2012); Grogan v. Garner, 498 U.S. 279, 291 (1991).

Summary judgment is governed by Federal Rule of Bankruptcy Procedure 7056 which makes Federal Rule of Civil Procedure 56 applicable in adversary proceedings.   Rule 56 states, in relevant part:   "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a). The granting of "[s]ummary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law."   Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007).

The burden of showing there are no genuine issues of material fact belongs to the moving party.   Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004).   "Once the movant has supported the motion, the non-moving party 'must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial.'"   In re Houston, 385 B.R. 268, 271 (Bankr. N.D. Iowa 2008) (quoting Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996)).   "A 'material' fact is one 'that might affect the outcome of the suit under the governing law.'"   Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).   An issue of material fact is genuine if a reasonable fact-finder could return a verdict for the nonmoving party on the question. Anderson, 477 U.S. at 252.

4

Summary judgment is generally not appropriate where a party's state of mind plays a dominant role in the elements of a case.   In re Knodle, 187 B.R. 660, 664 (Bankr. D.N.D. 1995) (denying summary judgment on claims of embezzlement and larceny under § 523(a)(4)).   "Particularly when the issue turns on the defendant's intent or scienter, summary judgment for the plaintiff is inappropriate."   United States v. Taber Extrusions, LP, 341 F.3d 843, 846 (8th Cir. 2003).   For example, fraud is not generally susceptible to summary judgment.   In re Shelnutt, 150 B.R. 436, 438 (Bankr. E.D. Ark. 1992) (considering fraud under § 523(a)(6)).

## FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY

Section § 523(a)(4) bars discharge for debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."   This section uses the term fiduciary "in a 'strict and narrow sense,' and therefore does not embrace trustees of constructive trusts imposed by law because of the trustee's malfeasance." Hunter v. Philpott, 373 F.3d 873, 876 (8th Cir. 2004).   The statute includes express or technical trusts, and not those which the law implies.   In re Thompson, 686 F.3d 940, 944 (8th Cir. 2012).   The fiduciary relationship must exist separate from and without reference to any act of wrongdoing out of which the contested debt arises. Id.   The Court of Appeals directs the bankruptcy court to "look at the substance of the transaction in deciding whether a person is a fiduciary or whether the relationship is more contractual than fiduciary."   Hunter, 373 F.3d at 876 (considering liabilities under a collective bargaining agreement).

## EMBEZZLEMENT

"Embezzlement, for purposes of § 523(a)(4), is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into

whose hands it has lawfully come." <u>In re Nail</u>, 680 F.3d 1036, 1042 (8th Cir. 2012).   It has long been established that "[o]ne cannot embezzle one's own property." <u>In re Belfry</u>, 862 F.2d 661, 662 (8th Cir. 1988).   In <u>Thompson</u>, 686 F.3d at 947, the court found no embezzlement occurred where payments lawfully came into the debtor's hands, and contractual and statutory obligations did not include an obligation to segregate specific funds for payment to specific parties.

## WILLFUL AND MALICIOUS INJURY

Section 523(a)(6) bars discharge of debts "for willful and malicious injury" of a creditor or its property.   To be "willful," the injury must be "intentional or deliberate." <u>Thompson</u>, 686 F.3d at 947.   "To qualify as 'malicious,' the debtor's action must be targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause financial harm." <u>In re Madsen</u>, 195 F.3d 988, 989 (8th Cir. 1999).

## ANALYSIS

Viewing the record in the light most favorable to Debtor, the Court concludes that Plaintiffs are not entitled to summary judgment.   All three exceptions to discharge presented by Plaintiffs require proof of Debtor's state of mind or intent, which is generally not amenable to summary judgment.   Under § 523(a)(6), intent to injure Plaintiffs is an important element and not admitted in the record.   In addition, embezzlement has a requirement of fraudulent intent.

Questions also remain whether the funds were property of Plaintiffs as necessary to prove embezzlement.   Debtor specifically disputes Plaintiffs' right to possession of the funds in his resistance to Plaintiffs' statement of undisputed facts. Issues of consent and waiver are also fact specific.   In order to determine whether

6

Debtor was a fiduciary under § 523(a)(4), the Court must consider the substance of the entire relationship between Plaintiffs and Debtor.   The Court concludes Plaintiffs' Statement of undisputed facts and supporting documents do not include sufficient evidence for the Court to grant summary judgment for Plaintiffs under § 523(a)(4) or (a)(6).

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is DENIED.

Dated and Entered:

September 14, 2012

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE